IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | **CASE NO.  8:05CR71** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| **CESAR L. CASTELLANOS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on the Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 56) and the supporting brief (Filing No. 57) filed by the Defendant, Cesar L. Castellanos.  Rule 4(b) of the *Rules Governing Section 2255 Proceedings for the United States District Courts* requires initial review of a § 2255 motion, and describes the initial review process:

> The judge who receives the motion must promptly examine it. If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion and direct the clerk to notify the moving party. If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

**FACTUAL BACKGROUND**

Castellanos pleaded guilty to Count I of the Superseding Indictment that charged him with possession with intent to distribute 50 grams or more of actual methamphetamine. The plea agreement included the following terms: an agreement regarding drug quantity resulting in placement in base offense level 34; the Defendant was not subject to an adjustment for role in the offense; the Defendant's offense level should be increased 2 levels for obstruction of justice and decreased by 3 levels for acceptance of responsibility; the Defendant possessed a firearm in connection with the offense and, therefore, the 2-

level gun enhancement applied; and an agreement that the Defendant would "not make any motion requesting a downward departure for any reason" and that he would not "seek or suggest a sentence reduction via variance or deviation from the Guidelines"; an appeal waiver, under certain circumstances; and a waiver of the right to file a § 2255 motion except under limited circumstances. (Filing No. 40.)

The Defendant stated in his plea petition that he: was satisfied with his attorney; understood the penalties, that the sentence was for the Court to decide, and that he had no guarantee that his sentence would be within any particular guideline range; and he understood all of the questions in the petition and was voluntarily pleading guilty. (Filing No. 39.)

At the change of plea hearing, the Defendant testified under oath that he: was satisfied with his attorney; understood the penalties; understood that the sentence would be up to the judge; he understood his right to appeal and his waiver of appeal; he understood the plea agreement; and he understood his constitutional rights. (Filing No. 42.)

The Presentence Investigation Report ("PSR") placed the Defendant at a total offense level of 38 and in criminal history category III, resulting in a sentencing guideline range of 292-365 months. (Filing No. 50, ¶ 76.) However, the Court upheld the plea agreement and the total offense level was calculated as 35. (Filing No. 47.) The guideline range was 210-262 months, and the Court sentenced the Defendant to 210 months. (Filing No. 53.) The § 2255 motion followed. (Filing No. 56.)

**DISCUSSION**

The Defendant argues that his attorney was ineffective in failing to investigate the law that would have resulted in a reduced term of imprisonment. Specifically, he argues that his attorney should have pursued the following issue: "the applicable guideline is not a product of the [sentencing] commission, but rather Congressional Directive." (Filing No. 57, at 4.)

In order to establish ineffective assistance of counsel, the Defendant must satisfy both prongs of the test articulated by the United States Supreme Court in *Strickland v. Washington,* 466 U.S. 668 (1984). The performance prong requires a showing that counsel performed outside the wide range of reasonable professional assistance and made errors so serious that counsel failed to function as the kind of counsel guaranteed by the Sixth Amendment. *Id.* at 687-89. The prejudice prong requires a movant to demonstrate that seriously deficient performance of counsel prejudiced the defense. *Id.* at 687.

The Defendant agreed in his plea agreement that he would not seek a sentence below the guideline range. He was sentenced at the low end of the guideline range. He does not argue that he did not knowingly or voluntarily enter into his plea agreement. His claim lacks any legal basis.

**CONCLUSION**

For the reasons discussed, it appears plainly from the face of the § 2255 motion and the record that the Defendant is not entitled to relief with respect to his claim. The claim is denied.

IT IS ORDERED:

1. The Court has completed the initial review of the Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Filing No. 56);

2. Upon initial review, the Court summarily dismisses the Defendant's claim raised in the § 2255 motion;

3. A separate Judgment will be issued denying the § 2255 motion; and

4. The Clerk shall mail a copy of this memorandum and order to the Defendant at his last-known address.

DATED this 16th day of September, 2009.

BY THE COURT:

s/Laurie Smith Camp
United States District Judge